J. Wade obtained a writ of error, and assigned for error that the general issue in this case is nul tiel record, which ought to have been decided by the court and not by the jury.
It is declared in the 4th article of the Constitution of the United States that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state; and Congress may, by general laws, prescribe the manner in which the same shall be proved, and the effect thereof."
The act of the first Congress, 2d session, ch. 11, in conformity (602) thereto, after pointing out the manner in which records, etc., shall be authenticated, declares "that records, etc., so authenticated shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the State from whence they may be taken. The record of a judgment obtained in another state is plainly comprehended in the words and meaning of the Constitution and the before recited act of Congress. It was, therefore, clearly intended to place them on a different footing from that on which they stood, or from that on which they would stand, in case no such provision existed. The record of the judgment in question is entitled to the same faith and credit in the court as it is entitled to in the courts of the state from whence it came. In those courts I apprehend the plea of nil debit would not be admissible; if so, it is equally in admissible here. This proves that such judgment cannot be considered in the light of a foreign judgment. This point appeared so plain in favor of the plaintiff, in the case of Armstrong v. Carron's Ex'rs, 2 Dallas Rep., 302, that the counsel for the defendant declined arguing it. See, also,Phelps et al. v. Halker et al., 1 Dallas Rep., 261.
The judgment which the court gave in this case was a general judgment upon the verdict, not a direct one upon the record, which ought to have been the case. I therefore think the judgment must be reversed. *Page 508 
MACAY and TAYLOR, JJ., concurred in opinion with HALL, J., that the judgment of the county court be reversed.
LOCKE, J., having been concerned as counsel in the case, gave no opinion.
NOTE. — See, accordingly, Carter v. Wilson, 18 N.C. 362; Knightv. Wall, 19 N.C. 125.
(603)